```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
GMA ACCESSORIES, INC.,              :
                                    :
                        Plaintiff,  :    11 Civ. 3731 (KBF)
                                    :
            -v-                     :    MEMORANDUM OPINION
                                    :         & ORDER
DORFMAN-PACIFIC CO., INC.,           :
                                    :
                        Defendant.  :
                                    :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 15 2012

KATHERINE B. FORREST, District Judge:

In Italian, "capelli" means hair; spelled with an extra "p"--"cappelli"--and it means "hat." In both of those incarnations, it is a word that the two American companies who are parties to this action believe they have trademarked: plaintiff GMA Accessories, Inc. ("plaintiff" or "GMA") asserts a mark over the word "Capelli" and defendant Dorfman-Pacific Co., Inc., over the word "Cappelli Straworld, Inc." Plaintiff filed a complaint asserting various causes of action relating to defendant's usage of "Cappelli" as a mark; defendant counterclaimed with its own set of trademark and related claims.

Between them, the parties have made three dispositive motions: plaintiff has moved to dismiss or for summary judgment on defendant's counterclaims on the basis that defendant has conceded that the word "cappelli" is generic and therefore its

claim to any mark that uses the word is logically and legally unavailing (Dkt. No. 35) while a portion of defendant's motion for summary judgment also asserts as a basis for dismissal of plaintiff's claims that "Cappelli" is generic (see Dkt. No. 43); defendant has moved to dismiss Count V of GMA's complaint for lack of subject matter jurisdiction (Dkt. No. 20); and defendant separately moves for summary judgment on the claims in GMA's complaint on the basis that it is the "senior user" of the mark (Dkt. No. 43).

To complicate matters further, the parties have not played well in the sandbox and have had a number of discovery disputes that have required court intervention.  Indeed, pending before the Court is a motion by GMA to preclude the use of certain evidence and to compel certain deposition discovery.  (Dkt. No. 92.)

Despite the paper flying hither and thither, this is actually a straightforward trademark case with related causes of action.  However, the current record does not allow this Court to dispose of the various claims as a matter of law.

For the reasons set forth below, this Court DENIES both plaintiff's and defendants' respective motions for summary judgment.  The Court GRANTS defendant's motion to dismiss.  In addition, the Court GRANTS plaintiff's motion to preclude and compel certain discovery under the conditions set forth below.

I.   PLAINTIFF AND DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

   A.   <u>Standard of Review</u>

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). In making that determination, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." <u>Dickerson v. Napolitano</u>, 604 F.3d 732, 740 (2d Cir. 2010).

Once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set out specific facts showing a genuine issue for trial," and cannot "rely merely on allegations or denials" contained in the pleadings. Fed. R. Civ. P. 56(e); <u>see also</u> <u>Wright v. Goord</u>, 554 F.3d 255, 266 (2d Cir. 2009). "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." <u>Hicks v. Baines</u>, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted).

3

In addition, self-serving affidavits, sitting alone, are insufficient to create a triable issue of fact and defeat a motion for summary judgment. See BellSouth Telecommc'ns, Inc. v. W.R. Grace & Co.-Conn., 77 F.3d 603, 615 (2d Cir. 1996). Only disputes over material facts--i.e., "facts that might affect the outcome of the suit under the governing law"--will properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (stating that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts").

    B.   Discussion on Plaintiff's and Defendant's Respective Motions for Summary Judgment on Generic-ness

Plaintiff's motion to dismiss is based on the claim that defendant has conceded that the word "cappelli" is generic; that admission (so GMA claims) dooms any assertion by defendant to any ownership rights in the word "cappelli" or even "capelli," since there cannot be a serious legal debate that generic terms may not be trademarked. See, e.g., Otokoyama Co. Ltd., v. Wine of Japan Import, Inc., 175 F.3d 266, 271 (2d Cir. 1999). For its part, defendant also argues as one of its bases for summary judgment that if "cappelli" is generic (which they assert it is), then since GMA is not claiming rights to "Straworld, Inc.,"

4

GMA does not have a claim. (See Mem. of Law in Support of Def.'s Mot. for Summ. J. (Dkt. No. 47) at 12.) Both of those arguments fail on the current record.

GMA's argument ignores that the trademark over which defendant asserts rights is "Cappelli Straworld, Inc.," not simply the word "cappelli." Plaintiff has not addressed the legal impact of combining a generic with non-generic term. Certainly it is possible to combine a generic word with a non-generic word and receive protection. Cf. Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1359 (7th Cir. 2007); A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 218 (3d Cir. 2000); Dranoff-Perlstein Assocs. v. Sklar, 967 F.2d 852, 862 (3d Cir. 1992).

Moreover, while it is certainly true, and no party disputes, that generic terms cannot receive trademark protection, GMA does not, in fact, itself concede that the word "capelli" is generic. Indeed, GMA's entire complaint for trademark infringement and associated claims is premised on the opposite. (See Mem. of Law in Support of Mot. to Dismiss Counterclaim ("Pl. MTD Mem.") (Dkt. No. 38) at 4-10.)

As a result, it appears that GMA runs into a classic "sword/shield" problem: it cannot on the one hand assert that an admission by an opposing party that a word is generic deprives that party of any trademark rights, but nonetheless

5

assert that with respect to its own usage, the same principles do not apply. The same term cannot be both generic and not generic, based solely upon who is using the term. It either is, or is not. This Court is aware of no case that allows a double-sided argument of this nature to succeed. None of the cases cited in support of plaintiff's motion present such facts. There is an insufficient factual record before this Court regarding whether "capelli" and "cappelli" are, for all purposes, generic. This Court simply has affidavits providing literal translation.

In addition, defendant's argument that somehow it can agree that "cappelli" is generic and thereby eviscerate any of plaintiff's trademark and related claims ignores that if there is protection available to such term, it may have acquired secondary meaning, it may be associated with goods and services of plaintiff and cause confusion, etc. Those are not issues dealt with in the briefing before this Court.

Accordingly, plaintiff's motion for summary judgment is DENIED[1] and defendant's motion for summary judgment on this basis is also DENIED.

---

[1] The Court is not convinced by either plaintiff's argument that defendant has failed to plead adequately plaintiff's abandonment or the argument that defendant failed to comply with Fed. R. Civ. P. 9(b).

6

### C. Discussion on Defendant/Counterclaim Plaintiff's Motion for Summary Judgment

Defendant's motion for summary judgment is fundamentally based on the factual assertion that it is the senior user of the mark. Accordingly to GMA, that is untrue--and that in fact, defendant has failed to produce requested, relevant evidence regarding use in commerce that would support such a claim.

Applying the standard set forth in Part I.A., <u>supra</u>, and on a record in which the parties present conflicting affidavits regarding use in commerce and duration of such use, this Court must find that there is a material question of fact regarding which party has which rights to the marks at issue.

Accordingly, defendant's motion for summary judgment is DENIED.

## II. DEFENDANT'S MOTION TO DISMISS

### A. Standard of Review

In reviewing defendant's motion to dismiss plaintiff's Count V relating to the TTAB decision for lack of subject matter jurisdiction, the standard is based on a review of the pleadings. Fed. R. Civ. P. 12(b)(1). Dismissal is only proper when the complaint fails to allege sufficient allegations to support subject matter jurisdiction. <u>See</u> <u>Ella v. Jackson</u>, 216 F.3d 1071 (2d Cir. 2000). If, at any point during the proceedings, it becomes apparent that the Court does not have

7

subject matter jurisdiction, it has the ability to sua sponte dismiss the action at that time. See Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006); Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 107-110 (2d Cir. 1997).

B. Discussion

Defendant claims that plaintiff's Count V, which seeks to appeal the TTAB denial of summary judgment, is premature and should therefore be dismissed. The allegations in the amended complaint clearly state that GMA is seeking this Court's review of the TTAB's denial of its motion for summary judgment. (Am. Compl. (Dkt. No. 12) ¶¶ 74, 75.) That is insufficient to create a final matter appealable to this Court.

A denial of a motion for summary judgment is not a final determination on the merits, readily appealable. See Copeland Enters., Inc. v. CNV, Inc., 887 F.2d 1065, 1067 (Fed. Cir. 1989) ("finality [of TTAB proceedings] was required to appeal"); Akerman v. Oryx Commc'ns, Inc., 810 F.2d 336, 339 (2d Cir. 1987) ("Denial of summary judgment does not constitute a disposition on the merits, the dispute remains to be resolved at trial.").

Plaintiff argues that defendant reads the word "final" into the language of 15 U.S.C. § 1701(b)(1), the statute pursuant to which plaintiff brings Count V. (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss ("Pl. Opp'n") (Dkt. No. 26) at 2.)

Although it is true that the statute does not contain the word "final," plaintiff's own case clearly states that only "<u>final</u> decisions of the TTAB" are reviewable. See <u>Chesebrough-Pond's, Inc. v. Faberge, Inc.</u>, 618 F.2d 776, 779 (C.C.P.A. 1980) (emphasis added) (cited in Pl. Opp'n at 2-3).

Because plaintiff is seeking review of a non-final determination of the TTAB, defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED. Count V of the Amended Complaint is dismissed without prejudice.

III. THE DISCOVERY MOTION

Judicial intervention has been sought and given with respect to a number of discovery issues. Plaintiff has previously moved to preclude the introduction of certain documents (generally, documents that show defendant's use in commerce of "Cappelli Straworld, Inc." prior to 1999) on the basis that defendant refused to produce such documents during discovery and even when ordered to do so. (<u>See</u> Dkt. No. 54.)

Defendant has responded with various arguments regarding copying issues and miscommunications. Whatever defendant's issues, it has asserted its own counterclaims in which it bears the burden of proof on its asserted mark. It therefore should have found a way to have produced the required documents--and it certainly should have when it was ordered to do so. This Court presumed that the issue had been resolved with unambiguous court

9

orders requiring production. (See Order (Oct. 12, 2011) (Dkt. No. 29); Order (Nov. 18, 2011) (Dkt. No. 53).) Apparently court orders were not enough.

Suffice it to say that this Court is perplexed as to why production of what are obviously relevant documents has caused so much difficulty--and thus, is led to the conclusion that either such documents do not exist, or their existence is unhelpful to the defendant. In all events, this Court now rules that defendant is precluded from introducing at trial evidence prior to 1999, absent one exception noted below. The preclusion includes evidence as to usage of the mark in commerce prior to 1999. The sole exception to that preclusion is as follows: defendant has produced evidence that it used the mark in commerce in 1989, and the Court will allow defendant to use the materials and testimonial evidence that it has previously submitted on this motion or produced during discovery relating to that single year.

There is also a discovery issue regarding whether defendant's corporate designees for various 30(b)(6) topics were appropriately designated. The Court has reviewed the transcripts of the three 30(b)(6) depositions at issue. Those deponents were clearly not knowledgeable or not adequately prepared on the noticed topics. In addition, in the deposition of Ms. Rubel, this Court found counsel and Ms. Rubel's behavior

10

particularly troubling--everyone was unnecessarily rude. The other two deponents knew almost nothing but were also asked numerous questions by plaintiff's counsel outside the scope of the noticed topics.

Defendant is hereby ordered to produce one or more 30(b)(6) deponents on the topics set forth in plaintiff's 30(b)(6) notice within 30 days. Counsel for plaintiff may ask whatever questions it deems appropriate pursuant to the noticed 30(b)(6) topics, but only those topics. If answers are not forthcoming to questions relating to the 30(b)(6) topics, this Court may impose sanctions, including striking all or portions of the answer, or ordering that a negative inference be drawn as to the content of what the answers from a knowledgeable witness would be as to the specific questions asked.

## CONCLUSION

For the aforementioned reasons, plaintiff's and defendant's respective motions for summary judgment are DENIED; defendant's motion to dismiss Count V for lack of subject matter jurisdiction is GRANTED; and plaintiff's motion to preclude and compel certain discovery is GRANTED.

Count V of the Amended Complaint is dismissed without prejudice pending a final dispositive ruling on the merits by the TTAB.

Following the discovery set forth in Part III, <u>supra</u>, the Court will entertain one final summary judgment motion by plaintiff. Plaintiff, if it chooses to move, shall do so no later than May 1, 2012, with any opposition thereto due no later than June 1, 2012. No replies will be allowed and no cross-motion for summary judgment will be allowed.

The parties are directed to appear at the final pretrial conference on June 22, 2012, at 2:00 p.m., as previously ordered, prior to the July 9, 2012 trial. (<u>See</u> Dkt. No. 96.)

The Clerk of the Court is directed to terminate the motions at Docket Nos. 20, 35, 43, and 92.

SO ORDERED.

Dated: New York, New York
March 15, 2012

_____
KATHERINE B. FORREST
United States District Judge